UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: 8:22cv 1057 CEH - JSS

KAREL ALONSO,

   **Plaintiff,**

v.

REGIONS BANK,

   **Defendant.**

_____/

## COMPLAINT FOR DISCRIMINATION
## IN EMPLOYMENT BASED ON PROMOTION DISCRIMINATION;
## DISABILITY DISCRIMINATION; VIOLATION OF / INTERFERENCE WITH
## FAMILY MEDICAL LEAVE ACT - RETALIATION;
## CONSTRUCTIVE DISCHARGE,
## AND DEMAND FOR JURY TRIAL

Plaintiff, **Karel Alonso** brings this action seeking monetary damages, reinstatement, attorney's fees, costs, and other relief against Defendant, **Regions Bank** (**"Bank"**), and alleges the following:

### NATURE OF ACTION

1. This is an action brought by **Alonso** against Defendant **Bank** based on its discrimination in employment against her based on discriminatory discharge because of her disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA), and in violation of the Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760 of the Florida Civil Rights Act of 1992, as amended ("FCRA"); and based on Defendant's violation of the Family Medical Leave Act.

### JURISDICTIONAL AND VENUE

XRA-66465
$402.00

2.   The jurisdiction of this Court is invoked under § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f).

3.   Venue in this district is proper pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district, and is also proper pursuant to Section 47.051. F.S..

**PARTIES**

4   Plaintiff, **Alonso**, is a female citizen of the United States and the State of Florida, City of Winter Garden, and County of Orange.

5. Defendant **Bank** is a Foreign Profit Corporation, licensed to do business; and doing business, in the State of Florida. As such Defendant **Bank** is an employer in an industry that affects commerce, and employs more than 15 employees for purpose of applicability of the FCRA and the Americans With Disabilities Act (ADA) of 1990, and more than 25 employees for purpose of applicability of Title VII of the Civil Rights Act of 1964, as amended.

6. The unlawful practices of discrimination in employment alleged herein were committed within the State of Florida.

7.   All conditions precedent to jurisdiction in this forum have occurred or have been complied with, to wit: **Alonso** filed her Charge of Discrimination with the appropriate Agency; the U.S. Equal Employment Opportunity Commission (EEOC). **Alonso** was issued her Notice of Right to Sue, dated March 10, 2022, by the EEOC (*See Exhibit 1 attached*); and this civil action has been commenced within 90 days of said issuance and receipt of same.

**FACTUAL ALLEGATIONS**

8.  Plaintiff, **Alonso**, was Financial Relationship Consultant with Defendant Bank

from November 2017 through October 2020.

9. As Financial Relationship Consultant, Plaintiff **Alonso** was responsible for meeting with the Defendant **Bank's** customers to understand and uncover their financial needs to offer appropriate products and services to meet their needs and to meet sales demands.

10. A part of Plaintiff **Alonso's** job responsibility was to be cross-trained and work as a Teller up to 30% of her time and to uncover additional opportunities while conducting customer transactions.

11. Plaintiff **Alonso's** career path was to become a Branch Team Lead with Defendant **Bank.**

12. Due to her 5 years of previous work experience as a Licensed Banker holding an annuity license, Plaintiff **Alonso** was nominated to become licensed at Defendant **Bank.**

13. One of many requirements to become a Branch Team Lead was to be a leader and consistently meet high sales demands in the branch to which one was assigned.

14. There were many of Plaintiff **Alonso's** co-worker team members outside of her protected classes who were promoted into a Branch Team Lead position while not having; as did she, an annuity license, e.g., **Samantha Mullett** and Tecia **Elliott**. These team members would later; after-the-fact of their promotion, be enrolled in Annuity classes.

15.  The first time Plaintiff **Alonso** was enrolled in the **Bank's** promotional Branch Team Lead program, as indicated in part D of Defendant **Bank**, she tended to have more of a book of business of customers wanting to see her following from previous conversations she'd had with them concerning their financial needs, and many times Plaintiff **Alonso** was interrupted by her manager, **Lizandra Lembeck**, e.g., by being called away from helping such customers to assist the teller line for coverage due to shortage of staffing.

16.  During her first time being enrolled, Plaintiff **Alonso's** time for the annuity classes expired. As Plaintiff **Alonos's** Manager, **Lizandra Lembeck**, was aware of the wherefores of the expiration of annuity class time, an extension on Plaintiff's behalf was requested and granted. However, during that time, Plaintiff **Alonso** became ill and was on FMLA leave and so; again, the program classes expired before completion by Plaintiff.

17.  When Plaintiff **Alonso** returned from FMLA leave, she initially approached/ asked Defendant **Bank's** Human Resources Department Representative, **Aimee Gonzalez**, for the accommodation of enrolling and doing her training from home so that the first experience would not be repeated.

18.  Plaintiff **Alonso** was declined the requested accommodative training from home CBM, **Martin Baker** (equivalent to District Manager), and was told; rather, she would have full access to an office with uninterrupted time to study.

19.  In reality, Plaintiff **Alonso** was declined to use the Branch Manager's office and the Branch Team Lead Office and was told by the Branch Team Lead that there was no space for her to study and that she needed to go to another Branch.

20.  When Plaintiff **Alonso** voiced her concern and treatment to Defendant **Bank's** District Manager, said Manager told her she could not go to another Branch because of COVID measures.

21.  Importantly, the above (paragraph 20) was Plaintiff **Alonso's** fifth time raising her on-the-job treatment to Defendant's HR Department.

22.  One of the many ways Plaintiff **Alonso's** Manager would intimidate her on-the-job for calling HR, was she would tell Plaintiff that the time Plaintiff spent speaking to HR would not be company paid time. Plaintiff's Manager would criticize Plaintiff for not working while Plaintiff was on the phone with HR.

23.  Additionally, Plaintiff **Alonzo's** Manager would make fun of Plaintiff for wearing a mask saying (pointing out) that the team Plaintiff was on was the only team that was breathing carbon dioxide because Plaintiff worn a mask to work.

24.  Earlier, in 2019, Plaintiff **Alonso** made her Manager aware of her religious beliefs, and the Manager never advised Plaintiff of religious accommodation. It was only after Plaintiff voiced her concern to Defendant **Bank's** HR that she was properly advised of the accommodation process as relates to religion, in 2020.

25.  To Plaintiff **Alonso's** knowledge and belief, Defendant **Bank** has a pattern and practice of condoning work harassment similar to the type and kind complained of herein; by it's particular agent/manager herein being complained about, to be practiced against other of its employees previous to Plaintiff.

26.  Subsequent to; and based on her several complaints; as delineated above, to

Defendant **Bank's** HR Department, without recourse, Plaintiff tendered her resignation letter to Defendant **Bank** on October 13, 2020.

27. Notably, in her referenced October 13, 2020, resignation latter, Plaintiff **Alonso** goes to lengths to describe her various work-related travails.

28. Additionally, Plaintiff **Alonso** contacted EEOC and began initiating her Complaint/Charge of Discrimination against Defendant **Bank** around October 6, 2020, prior to her October 13, 2020, tender of her letter of resignation, which resignation was to take effect on October 27, 2020; painstakenly specifying her job/work-related reasons for same.

## JURISDICTION AND FIRST CLAIM FOR RELIEF

29. Plaintiff, **Alonso**, realleges paragraphs 8 through 28 as if specifically plead herein, and further states.

30. Plaintiff's second claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA) prohibiting **promotion discrimination** in employment.

31. **Alonso** was discriminated against by Defendant **Bank** in being treated differently than other of her similarly situated co-employees outside of her protected disability category, e.g., when she was disallowed by Defendant **Bank** for accommodation such that would allow her continued opportunity to meet it's requirements for her promotional opportunities, and further by way of Defendant's agent/Manager intimidating and demeaning her on-the-job for her continual seeking

Human Resources redress regarding her existent working conditions.

32.   Other of Plaintiff **Alonso's** similarly situated co-employees outside of her protected racial category were treated more favorably than was **Alonso**.

33.   Defendant's discrimination against **Alonso** in her promotional opportunities, by and through being treated differently than her similarly situated co-employees not in her protected class as delineated above was in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), was calculated to; and did, cause **Alonso** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

34. The above delineated discriminatory actions allowed by Defendant to exist against **Alonso** were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), and were calculated to; and did, cause **Alonso** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress

## JURISDICTION AND SECOND CLAIM FOR RELIEF

35.   Plaintiff, **Alonso**, realleges paragraphs 8 through 34 as if specifically plead herein, and further states.

36.   Plaintiff's second claim for relief is brought, and jurisdiction lies, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq* ("ADA") and Chapter 760, Fla. Stat. prohibiting **discrimination** against **disabled individuals** in employment.

37.   Defendant recognized/acknowledged **Alonso's** delineated/documented disability(ies)/medical condition(s); initially of prediabetes, hypertension and other

comorbidities and, subsequently generalized anxiety and insomnia and initially reasonably accommodated same.

38. Defendant eventually stopped reasonably accommodating **Alonso's** delineated/ documented disability (ies)/medical condition(s) when she was told by her Manager that her scheduled treatment appointments would be denied – causing Plaintiff to file for intermittent FMLA leave to protect her child's congenital hypothyroidism therapy appointments. In this manner, Defendant **Bank,** disallowed to Plaintiff **Alonso** accommodation to meet the requirements of/for her promotional opportunities as were allowed by Defendant **Bank** to/for other of her co-workers outside of her protected category (ies). Rather than appropriately accommodate Plaintiff at this time, Defendant **Bank** began disciplining her in retaliation - as a direct result of her complaining about her work condition to HR.

39. At the time in question Defendant discriminated against Plaintiff because of her delineated/documented disabilities/medical conditions by not continuing to consistently accord her requested reasonable accommodation, and by and in the manner in which it interfered with her FMLA benefits.

40. At all times relevant to the allegations of this lawsuit, Plaintiff **Alonso** was a qualified individual under Title I of the ADA, and under the FCRA.

41. At the time Defendant discriminated against Plaintiff because of her delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff's delineated/documented disabilities/medical conditions substantially affected one or more of her major life activities and/or Plaintiff

had a record of having an impairment and/or was being regarded by Defendant as having an impairment as required under Title I of the ADA and under the FCRA.

42.     At the time Defendant discriminated against Plaintiff because of her delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and by the discriminatory manner in which it handled her FMLA requests, Plaintiff could have substantially performed the major functions of her job with reasonable accommodation as required under Title I of the ADA, and under the FCRA.

43. Consistent, reasonable accommodation was requested of Defendant by Plaintiff, in lieu of the aforedescribed continued employment discrimination, notwithstanding which requests, the discrimination continued.

44.     Defendant discriminated against Plaintiff, as aforedescribed, because of her delineated/documented   disabilities/medical   conditions,   notwithstanding   its   full knowledge of same.

45.     Defendant's   discrimination   against   Plaintiff   because   of   her delineated/documented disabilities/medical conditions by not consistently according her requested reasonable accommodation; and in the discriminatory manner in which it handled her FMLA requests, was calculated to; and did, cause Plaintiff to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

## JURISDICTION AND THIRD CLAIM FOR RELIEF

46.     Plaintiff, **Alonso**, realleges paragraphs 8 through 45, as if specifically plead herein, and further states.

47.     **Alonso's** third claim for relief is brought, and jurisdiction lies, pursuant to 29

U.S.C.§ 2615, prohibiting interference with; or termination of, employment based on **protected FMLA leave** and for prohibited **FMLA retaliation**.

48.  At all times relevant to the allegations herein, **Alonso** was an "employee" of Defendant within the meaning of 29 U.S.C.§ 2611(2)(A).

49. At all times relevant to the allegations herein, Defendant was an "employer" of **Alonso** within the meaning of 29 U.S.C.§ 2611(4)(A).

50. At all times relevant to the allegations herein, **Alonso** was considered by Defendant to have suffered a "serious condition" as defined by the FMLA.

51.   Here, Plaintiff **Alonso's** employment was terminated by Defendant in retaliation for her having engaged in the protected activity of seeking FMLA benefits in the first instance; benefits to which she was rightfully and lawfully entitled.

52.  Here, the Defendant's interference with **Alonso's** protected FMLA benefits or leave and/or termination of **Alonso's** employment notwithstanding her available, protected FMLA benefits or leave, and Defendant's retaliation against **Alonso** for seeking such benefits by and through terminating her employment were calculated to; and did, cause **Alonso** to suffer loss pay and benefits, humiliation, mental anguish, and emotional distress.

## JURISDICTION AND FOURTH CLAIM OR RELIEF

53.  Plaintiff **Alonso** realleges paragraphs 8 through 52 as if specifically plead herein, and further states.

54.  Plaintiff's fourth claim for relief is brought, and jurisdiction lies, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5, and the Florida Civil Rights Act, § 760.10, Fla. Stat. ("FCRA"), prohibiting **discrimination in**

employment based on **constructive discharge**.

55.  As delineated above, Plaintiff **Alonso** was allowed to be subject to hostile and illegal treatment; among which was promotion discrimination, disability discrimination and retaliation by Defendant **Bank** which treatment was so severe that Plaintiff had no choice but to resign.

56.  Prior to resigning from her Associate work position at the **Bank,** Plaintiff **Alonso** complained **to** the **Bank's** upper management as delineated above, on several occasions concerning her consistent/persistent on-the-job treatment, completely to no avail.

57.  Consequently; under the circumstances of the continual adverse on-the-job treatment as against her as outlined above; same being completely without any kind of redress offered by Defendant **Bank,** Plaintiff **Alonso** tendered her letter of resignation specifically delineating the on-the-job, work related reasons for her forced leaving from Defendant **Bank.**

58.  Plaintiff, **Alonso** believes that she was subjected to a hostile work environment at the workplace which environment was condoned by Defendant **Bank** by way of refusal to address her several explicit complaints made to Defendant **Bank's** upper management.

59.  Defendant **Bank's** discrimination against Plaintiff **Alonso** as herein delineated was calculated to; and did, cause Plaintiff **Alonso** to suffer loss pay, humiliation, mental anguish and emotion and physical distress.

WHEREFORE, **Alonso** respectfully pray that this Honorable Court will advance this case upon the docket; order a speedy jury trial on all issues so triable by jury at the

earliest practicable date; cause this case to be in every way expedited, and upon such hearing, award her the following relief as against Defendant:

A.   Order Defendant to reinstate her to her job position;

B.   Enjoin Defendant from further discriminatory and/or retaliatory acts against her;

C.   Grant her back pay, including lost benefits, she would have received had she not suffered the discriminatory discharge from her employment as delineated herein;

D.   Award her compensatory damages for humiliation, mental anguish, pain and suffering and any other compensatory damages which this Court; in its wisdom, feels is just and proper, based on the proof in these proceedings;

E.   Enter judgment for Plaintiff for reinstatement of her job, and award her monetary losses she sustained, including benefits, raises, reasonable attorneys fees and costs, and liquidated damages in an additional amount equal to the sum of her actual damages plus interest pursuant to 29 U.S.C.§ 2617, and

F.   Award to her reasonable attorney's fees and costs of this action.

Respectfully submitted,
**Maxie Broome, Jr., P.A.**
/s/Maxie Broome, Jr.
Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 (telephone)
mbroomelaw@aol.com (email)
Attorney for Plaintiff

*Exh 1*

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St ,Suite 1000
Tampa ,Florida ,33602
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/10/2022

**To:** Mrs. Karel V. Alonso
16006 Ollivett St
WINTER GARDEN, FL 34787

Charge No: 510-2020-03898

EEOC Representative and email:     Suranny Gomez
Investigator
suranny.gomez@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2020-03898.

On Behalf of the Commission:

Digitally signed by Evangeline Hawthorne
Date: 2022.03.11 08:42:56 -05'00'

Evangeline Hawthorne
Director